CRONE, Judge,
concurring in part and dissenting in part.
[19] I agree with the majority that reviewing the issties presented by Matthies’s breach of contract claim would require us to interpret and apply religious doctrine or ecclesiastical law, which is prohibited under the First Amendment. Therefore, I concur in the affirmance of summary judgment in favor of First Presbyterian on that claim.
[20] Respectfully, however, I do not believe that the First Amendment would preclude us (or the trial court or a jury) from considering Matthies’s claim for unpaid vacation wages under the Wage Claim Statute. That, claim, in my opinion, simply requires a determination of whether or not there was any vacation time accrued as of the date of Matthies’s termination. If there was, I believe that claim could be viable regardless of the basis for his termination. Addressing that claim might involve resolving-disputed facts, interpreting the Contract, and applying the Wage Claim Statute, but it would not involve interpreting or applying religious doctrine or ecclesiastical law. Consequently, I would reverse the grant of summary judgment in favor of First Presbyterian on that claim.[5]

. I am unpersuaded by First'Presbyterian’s argument that the ministerial exception of the Indiana Minimum Wage Law should be read into the Wage Claims Statute. And as for First Presbyterian's argument that the' Wage Claims Statute is inapplicable because it is not his “employer” for purposes of the Statute, I believe that there is, at minimum, a genúine issue of material fact that would preclude summary judgment on that issue.